FILED IN OPEN COURT
7/20/2021
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:21-cr-68-TJC-JRK

CARLOS ANDRES PEDRAZA-AVALOS

**UNITED STATES' NOTICE OF MAXIMUM PENALTIES,
ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS,
AND FACTUAL BASIS**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, stating as follows:

A.   MAXIMUM PENALTIES

The defendant has expressed a desire to enter a plea of guilty to the offense charged in Count One of the Information. Count One charges the defendant with being unlawfully present in the United States after previously being deported or removed, in violation of Title 8, United States Code, Section 1326. The maximum penalties for Count One are a term of imprisonment of not more than two years, a fine of not more than $250,000, or both a term of imprisonment and a fine, a term of supervised release of not more than one year, and a special assessment of $100, which is due on the date of sentencing. A violation of the terms and conditions of supervised release is punishable by a maximum sentence of not more than one year

of additional imprisonment as well as the possibility of an additional term of supervised release. Conviction of the offense also will adversely affect the defendant's immigration status in the United States, both now and in the future, and will result in his deportation from the United States.

B. ELEMENTS OF THE OFFENSE

The elements of an offense in violation of Title 8, United States Code, Section 1326 are:

(1) the defendant was an alien at the time stated in the Information;

(2) the defendant had been deported or removed from the United States;

(3) afterward, the defendant was found to be voluntarily back in the United States; and

(4) the defendant did not have the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States.

C. PERSONALIZATION OF ELEMENTS

1. Do you admit that on June 21, 2021, you were an alien, that is, that you were a citizen of Mexico and not a citizen of the United States?

2. Do you admit that you had previously been deported or removed from the United States on May 9, 2013, and on February 11, 2016?

3. Do you admit that on June 21, 2021, in Nassau County, in the Middle District of Florida, you were found voluntarily present in the United States?

4. Do you admit that you did not have the consent of the Attorney General or the Secretary of Homeland Security to apply for admission to or re-enter the United States?

D. FACTUAL BASIS

1. Purpose

The following facts are set forth to aid the Court in making an inquiry to satisfy it that there is a factual basis for the plea of guilty in accordance with Rule 11(b)(3), Fed. R. Crim. P. The government reserves its right to provide all relevant information concerning the defendant and the offense committed to the Probation Office and the Court for sentencing purposes.

2. Facts

On June 21, 2021, a Border Patrol Agent was parked on the shoulder of Interstate 95 ("I-95") in Nassau County, Florida, performing highway and traffic check duties. At approximately 8:30 a.m., he began following a pickup truck that had passed his position. While he was following the truck, he contacted the Border Patrol's Miami Sector Dispatch and asked them to run the license plate number of the truck and they notified him that the registered owner of the truck was an individual who was possibly from Mexico and unlawfully present in the United States. He followed the truck as it exited I-95 and pulled into the drive-through lane of a McDonald's restaurant. He then got out of his patrol vehicle, approached the

truck, and directed the driver to pull into a parking space directly in front of the drive-through lane.

After the driver parked the truck, the Border Patrol Agent spoke to the driver in Spanish and asked him if he had any form of identification. The driver presented a consular identification card issued by the Government of Mexico that identified the driver as the defendant, CARLOS ANDRES PEDRAZA-AVALOS. The agent asked the defendant if he was legally present in the United States and he responded that he was not. The agent then ran immigration database checks using the information provided by the defendant and the records reflected that he had been previously removed from the United States on two occasions. The agent administratively arrested the defendant and he was transported to the Jacksonville Border Patrol Station for processing.

At the Border Patrol Station, an agent entered the defendant's fingerprints into a biometric identification system that compared his fingerprints with the fingerprints of individuals who had been previously encountered by immigration authorities. The system returned a match and reflected that the defendant is a Mexican citizen who had been previously encountered and assigned an Alien Registration Number, or A-number. Additional record checks using the A-number confirmed that the defendant had been previously deported or removed from the United States on two occasions: on May 9, 2013, through Nogales, Arizona, and on February 11, 2016, through Brownsville, Texas. The records also reflected that the

defendant had never applied for or received permission from the Attorney General or the Secretary of Homeland Security for the United States to re-enter the United States since the time of his last removal.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By: _____
ARNOLD B. CORSMEIER
Assistant United States Attorney
Florida Bar No. 869139
300 N. Hogan Street, Suite 7-350
Jacksonville, FL 32202-4270
Telephone:  (904) 301-6300
Facsimile:   (904) 301-6310
Email:       chip.corsmeier@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2021, the foregoing was filed in open court and a copy was provided to the following:

Matthew A. Shirk, Esq.

_____
ARNOLD B. CORSMEIER
Assistant United States Attorney

5